893 So.2d 115 (2005)
Eudoro TENORIO, Maria C. Tenorio and Christina Dierker, on Behalf of her Minor Children, Ricardo H. Tenorio and Angelica M. Tenorio
v.
AUTOMOTIVE CASUALTY INSURANCE COMPANY, American National Property and Casualty Company, State of Louisiana Through the Department of Transportation and Development, State of Louisiana Through the Department of Public Safety, et al. Eudoro Tenorio, Maria C. Tenorio and Christina Dierker, on Behalf of her Minor Children, Ricardo H. Tenorio and Angelica M. Tenorio
v.
Automotive Casualty Insurance Company, American National Property and Casualty Company, State of Louisiana Through the Department of Transportation and Development, State of Louisiana Through the Department of Public Safety, et al.
Nos. 2004-CA-0393, 2004-CA-1124.
Court of Appeal of Louisiana, Fourth Circuit.
January 5, 2005.
*116 Frank J. D'Amico, Darla D'Amico, Frank J. D'Amico, APLC, and Steven J. Lane, Russ M. Herman, Herman, Herman, Katz & Cotlar, L.L.P., New Orleans, LA, for Eudoro Tenorio, Maria C. Tenorio, Richardo H. Tenorio and Angelica M. Tenorio.
Charles C. Foti, Jr., Attorney General, Raul R. Bencomo, Special Assistant Attorney General, Helen H. Babin, Special Assistant Attorney General, Bencomo and Associates, New Orleans, LA, for State of Louisiana, Department of Transportation and Development.
(Court composed of Judge CHARLES R. JONES, Judge PATRICIA RIVET MURRAY, and Judge DENNIS R. BAGNERIS SR.).
CHARLES R. JONES, Judge.
The Cross-Appellants, Eudoro Tenorio, et al. ("the Tenorio family"), appeal the April 23, 2003 judgment of the district court finding that the Department of Transportation and Development ("DOTD") was 20% percent at fault in the wrongful death of Carmella A. Tenorio and her son, Julio Tenorio. Alternatively, Cross-Appellee, DOTD, appeals the November 18, 2003 judgment of the district court amending its judgment of April 23, 2003. Specifically, DOTD seeks review of the district court's denial of its Exception of Prescription and its failure to apportion 100% of the fault to Olga Solorzano. We affirm as amended.

Procedural History
The Tenorio family filed a petition for damages resulting from the wrongful deaths of Carmella and Julio Tenorio in a vehicular accident on the Judge Seeber Bridge of the Industrial Canal. On September 14, 1990, Automotive Casualty Insurance, the insurer for the deceased Ms. Solorzano, filed a Motion and Order to Deposit Funds into the registry of the court in the amount of the $20,000 policy limit. The Tenorio family later filed a Motion to Withdraw Funds from the registry of the court in the amount of $20,000. The district court granted the motion and reserved all rights of the Tenorio family to proceed against all parties to the litigation without prejudice to any of their rights.
On April 23, 2003, subsequent to a trial on the merits, the district court rendered a judgment finding the decedent driver, Ms. Solorzano, to be 80% at fault for the deaths of Carmella and Julio Tenorio, and the DOTD to be 20% at fault. The Tenorio family then filed a Motion for New Trial on the basis that the judgment failed to address an Exception of Prescription filed by DOTD. The district court granted the motion for new trial and denied DOTD's Exception of Prescription in a judgment rendered November 18, 2003. This judgment also amended the judgment of April 23, 2003 to reflect that the version of La. Civ.Code Art. 2324(B) applicable to this matter is the version in effect at the time of the accident. It is from this judgment that DOTD seeks review by this Court. Additionally, the Tenorio family appeals the portion of the judgment finding *117 that DOTD was liable in the amount of 20%.

Facts
On December 22, 1989, Carmella A. Tenorio and her son, Julio, were guest passengers in a vehicle owned and operated by Olga Solorzano. The three were headed westbound on North Claiborne Avenue and were traveling against the intended direction of traffic. At the intersection of Tennessee Street and North Claiborne Avenue, along which Ms. Solorzano traveled, there was one "wrong way" sign.
As the vehicle approached the Judge Seeber Bridge over the Industrial Canal in New Orleans, Louisiana, the bridge was in an upright position to allow for the passage of a vessel. Suddenly, Ms. Solorzano's vehicle drove off the bridge and fell approximately 50 feet into the Industrial Canal, killing all three occupants of the vehicle. The testimony of Coroner Frank Minyard revealed that Ms. Solorzano's blood alcohol level was at 0.10 at the time of the incident, and consistent with the legal standard for intoxication.
Additional testimony by Dr. Olin Dart, an expert for the Tenorio family, reflects the absence of a reflective barrier along the Judge Seeber Bridge at the time of the accident. The missing barrier was not repaired and/or replaced until January 17, 1990.

Discussion
In their only assignment of error, the Tenorio family argues that the district court abused its discretion in finding that DOTD was less than 50% at fault in the deaths of Carmella and Julio Tenorio.[1] Similarly, DOTD argues that the district court erred in failing to find that the percentage of recovery from DOTD is 20%, and no more. As both parties' assignments of error address DOTD's percentage of recovery, we discuss these matters concurrently.
In 1996, La. C.C. Art. 2324(B) was amended and resulted in the adoption of pure comparative fault. However, prior to 1996, Article 2324(B) held defendants liable "solidary only to the extent necessary for the person suffering injury, death, or loss to recover fifty percent of his recoverable damages." In Aucoin v. State of Louisiana, DOTD, 97-1967 (La.4/24/98), 712 So.2d 62, 67, the Louisiana Supreme Court stated that since the 1996 change to Article 2324(B) was substantive in nature, it could only have prospective application. Accordingly, the court concluded that the applicable article was that which existed at the time of the accident and found the defendant, DOTD, solidarily liable for 50% of the plaintiff's recoverable damages.
In the instant suit, the accident involving Ms. Solorzano and her two passengers, Carmella and Julio Tenorio occurred in December of 1989. The April 23, 2003 judgment rendered by the district court designated liability to DOTD in the amount of 20%. While the November 18, 2003 judgment of the district court amended the judgment of April 23, 2003 to reflect that the law in effect at the time of the accident was applicable, Article 2324(B) specifically imposed solidary liability on each negligent tortfeasor for 50% of the plaintiff's recoverable damages. See La. C.C. Art. 2324(B) and Aucoin.
DOTD maintains that it should not be responsible for 50% of the recoverable *118 damages because of a pre-trial settlement with Automotive Casualty Insurance Company, the insurer for Ms. Solorzano. However, we disagree. In Frazer v. St. Tammany Parish School Board, 99-2017 (La.App. 1 Cir. 12/22/00), 774 So.2d 1227, the First Circuit examined whether the defendant would be entitled to a reduction of its 50% liability due to the plaintiff's settlement with one of the alleged tortfeasors. The court reasoned that the defendant would only have been entitled to a reduction if the defendant had been deprived of the right to seek contribution from the tortfeasor due to tortfeasor's release, or dismissal from the suit. Id. at 1237.
In the case at bar, the record reflects that the Tenorio family's Motion to Withdraw Funds from the Registry of the Court reserved all rights to proceed against all parties to the litigation. Since there is no indication of Ms. Solorzano's release or dismissal from the suit, DOTD was not deprived of the right to seek contribution from the estate of the decedent, and thus is not entitled to a reduction in liability. Accordingly, this Court finds that DOTD is solidarily liable for 50% of the Tenorio family's recoverable damages, and we increase DOTD's designated liability from 20% to 50%.
In its next assignment of error, DOTD argues that the district court erred in failing to find Ms. Solorzano 100% at fault for the deaths of her passengers. In instances where unreasonable risk of harm is at issue, the standard of review is manifest error. Reed v. Wal-Mart, Inc., 97-1174 (La.3/4/98), 708 So.2d 362. The findings of the district court are reversible only when there is no reasonable basis for its conclusions, or they are clearly wrong. Mart v. Hill, 505 So.2d 1120 (La.1987).
In the present case, the district court found DOTD to be 20% at fault for the accident in question. The record indicates that there was only a single posting of a "wrong way" sign near the exit of the Judge Seeber Bridge at the time of the accident. Further, the reflective barrier, which was struck by a garbage truck in February of 1989, was damaged at the time of the accident and was not repaired and/or replaced until January 17, 1990. Given that the record reflects inadequate signage for drivers approaching the bridge, as well as limited corrective action on the part of the DOTD to replace the barrier within an eight-month period, there is no error by the district court in assigning a percentage of fault to DOTD.
In its final assignment of error, DOTD argues that the district court erred in denying DOTD's exception of prescription. La. R.S. 13:5108 provides that:
A defendant in any suit filed against the State of Louisiana, a state agency, or a political subdivision of the state shall not be entitled to file a plea of prescription or preemption barring such suit or the liability of the entity instituting the suit if the suit in contract or for injury to person or property is filed within the time fixed by law for such suits against private persons.
The record in the instant suit reflects that the Tenorio family filed a petition for damages against DOTD on May 11, 1990. Since the suit was filed against DOTD, an agency of the state, within the applicable time limits fixed by law for suits against private persons, DOTD is precluded under the statute from bringing an exception of prescription pursuant to La. R.S. 13:5108. See La. C.C. Art. 3492. Accordingly, we find that this assignment of error is without merit.

Decree
For the reasons assigned herein, we amend the judgment of the district court apportioning 20% fault to DOTD, and raise *119 the percentage of fault to 50%. Additionally, we affirm the judgment of the district court denying DOTD's Exception of Prescription.
AFFIRMED AS AMENDED.
MURRAY, J., concurs and assigns reasons.
MURRAY, J., concurs and assigns reasons.
I write separately to further elaborate upon DOTD's exception of prescription, which I agree was properly denied by the district court. DOTD's exception was based upon La. R.S. 49:112, which provides that no claim or debt against the state shall be paid by the treasurer after the lapse of ten years from the happening of the event upon which the claim is based. I agree with the plaintiffs that this statute does not apply to DOTD, which is a state agency, under the circumstances of the instant case. Because this statute is inapplicable, and because the plaintiffs' suit was filed within the prescriptive period applicable to a private-person defendant, I agree with the majority's conclusion that La. R.S. 13:5108 mandates denial of the exception in the instant case.
Accordingly, I respectfully concur.
NOTES
[1] It is noted that the Tenorio family argues in their reply brief that the district court did not abuse its discretion in rendering a quantum award in their favor in the amount of $1,550,000,00. However, as this assignment of error was not addressed in the original brief by DOTD, it is deemed abandoned by this Court. Rules 2-12.4, 2-12.6, Uniform Rules-Court of Appeal.